I report that all people who should be present are present, and therefore we can proceed to hear argument in our first case, United States v. Galan. Good morning, Your Honors. Bobbie C. Sternheim for Angel Galan, and may it please the Court. This is a situation where Mr. Galan was between a rock and a hard place. If he did not put in an affidavit or sworn statement, he would not be entitled to a suppression hearing. He did put in an affidavit, and was punished for doing so because it was different than the testimony of the agents who testified. Let me ask you a question. You say he wouldn't have been entitled to a suppression hearing, but he would have been entitled still to have his motion for suppression considered, wouldn't he have? Well, the argument is in a motion to suppress is standing required, and the government opposed the motion claiming that Mr. Galan had not established standing. The standing was to require a hearing, right, not to have the motion considered. That's how I read the government's position. Is that wrong? Well, that's not my understanding, Judge. My understanding, having practiced for a long time, as many of you have, is that to make a suppression motion, it is a requirement that an affidavit be put in to establish standing. When it was initially made, the affidavit was not put in. When the government opposed, an affidavit was put in purely to establish standing. So is it your position that the defendant is entitled to make detailed allegations of fact that are without regard to their truth in order to obtain a hearing on a situation? Well, in this situation, I don't think characterizing it that way is accurate in the sense that it was his version of what happened. That's another issue, but I find your argument astonishing. I mean, essentially what you're saying is that if in order to obtain the relief that you want, you must allege certain facts, then it's permissible to make those allegations falsely, to make false statements, because otherwise you wouldn't get the relief that you want. That's one of the most remarkable arguments that I've heard in my years as a judge. Well, Judge, I do not think it is that remarkable from the point of view of defense attorney, but I credit your observation. But this is not a case where the purpose of the affidavit... Somebody who appears the defendant can be told by his lawyer, you have little hope to succeed in this case unless you get on the stand and testify that you didn't do it, that you were at your aunt's house in New Rochelle. Okay, so I have to testify to a false alibi in order to have a hope of being acquitted? That's not perjury. That's not something for which the sentencing judge can take account and give you a longer sentence because you've testified falsely. I did it because I had to in order to succeed. I find it a remarkable argument. Well, this is not a situation where Mr. Gallan testified. This is a situation where he denied that he had removed a gun, which is the allegation of the police. That is the only statement that is at issue here. And the purpose was not to obstruct justice. In fact, if every time a defendant is going to contradict or in any way suggest that the observations of the police officer are different... No, there is such a thing as honest contradiction or honest claim of a differentiating and lying. Now, you argue that he wasn't lying, and that's a perfectly good argument to make. The more important person to make it to was the judge below. But you're saying, essentially, it's okay to lie. You can't have bad consequences if you do it in order to gain an advantage in the litigation that you otherwise wouldn't have. I'm not saying that, Judge. I am saying that an individual should be entitled to state their view of a situation, even if it is contrary. Nobody disputes that. But that's the only issue here. That's not an issue. Well, that is the issue here. Is there a lesser or a less detailed affidavit that he could have submitted? For example, could he have said, I am advised, I have read the complaint, and I see complaining officer says that this, this, and this happened. That is not my recollection of what happened, and I therefore put those events in controversy and will make the government satisfy its burden of demonstrating that there was a basis to obtain this material. Could he have done it that way, without getting into the details of what he saw? Your Honor, that would be a suggestion that, in light of circumstances like this, one should make. But I could also see judges stating that that is not sufficient. I did not represent him below, so I understand that I am responding to a strategy or advice given by his counsel. I only say insofar as the intention was not to obstruct justice. The intention was to have standing so that the motion could go forward. Of course, but what you wanted in the motion, what your client wanted, excuse me, ultimately in the motion, was for the gun to be suppressed. So it was not just, I wish to have standing so that I may appear in court and have a hearing. It was, ultimately, my hope is to get this evidence suppressed. So I can go with you part of the way, but not all of the way. I understand that, Judge. And all I would say is, had this escalated into a situation where he testified and was cross-examined, I think the analysis may have been different. But that was not the purpose here. And I think that is a very important distinction. People go to trial every day with the hopes that they will prevail. They should not be denied that opportunity, nor do I think that someone should be denied the opportunity to press for a suppression hearing on a motion. This was a strange situation. There were, the defense was... What limits would you espouse then? I mean, is the defendant free to make whatever allegation, affirmation of fact he wishes in order to obtain a hearing? I do not say that at all. In my reading of the cases, we've looked not at just general protestations of innocence, those aren't a basis for a perjury charge, for example, but specific, detailed allegations of fact that are made under oath. And that's what I saw here. And so I wonder what limits you would offer. Certainly, Judge, if somebody is going to say they were somewhere else where it is a false alibi, or something else that happened, here he basically said, I did not do what they said I did. I did not take a gun out of my waistband and put it on a tire. He just refuted what the testimony was going to be. And in this situation, the fact that there was a hearing disclosed the fact that there was a third officer who the two officers who testified to making the observation didn't even recall. But did your position require us to reject the district court's preponderance finding that, in fact, the defendant did bend over, remove something from his waistband, and place it on the, that the affirmation was therefore false? No, not at all. The issue is, can somebody put in a sworn statement that is different than what is the basis for the motion and be held responsible for having obstructed justice? You don't claim that the affirmation was made because of a mistake or confusion or inebriation, for example, right? Well, I certainly don't think it was made for inebriation. And I can't state as to whether it was confusion or following by mistake the advice of counsel. So I'm not in a position to state that. But nobody disputes that anybody, that a person can do what you said, the way you framed your question. Can a person, can a person put in an affidavit that differs from the accusations of police officers and escape liability or escape adverse consequences? Of course they can. It's a question of whether you're lying or not. It's a question of deliberate falsity. Of course you can put in an honest affidavit that says something different from what the police officer, that's, nobody disputes that. Judge, the falsity or alleged falsity was that a defendant charged with a gun possession claims that what the police officer saw is not what he did. This is not a major situation where some other story was concocted. He basically said, they say I removed it from my waistband. I say I did not. It doesn't go beyond the four corners of this affidavit. And he shouldn't have been more punished because of it. Thank you very much. I think we have the argument. We'll hear from Mr. Mehta. Good morning, Your Honor. Pleased to court. My name is Jerome Mehta, United States of America. Two issues in this case. I'll only touch upon the first one. The second one was not touched upon by appellant as the reasonableness of the sentence. On the obstruction issue, which is the primary issue on appeal. The second issue has been briefed. I don't think we treat that as a waiver. Yes, yes, Your Honor. I'm just, for the sake of argument, I think I'll focus on the first issue. On the obstruction issue, it's clear from the record that the defendant here, Mr. Golan, submitted a patently false or willfully false affirmation that was very detailed, very specific as to sort of the who, what, where of the offense of the night of June 8th. And it was in direct contravention to the officer's testimony. So why is it different from him just pleading guilty and issuing a kind of general denial? I didn't do it. And isn't he entitled to do that and put the government to its proof? Yes, Your Honor. I think the issue here is that a defendant is entitled to submit an affirmation, but it has to be truthful. It can't simply be a series of lies in order to get in a hearing to suppress evidence in the case. If that happens under the law under Lasekum and also under an enhanced under the guidelines. And so there are instances where defendants have submitted attorney affidavits or even more vague affidavits as one of the court panel members suggested, where simply stating, I was walking down the street and I was stopped. And so putting the government to its burden saying there wasn't enough for a Terry stop here or probable cost for arrest. That's happened routinely in a number of cases in my own experience, in the experience of my colleagues in the office. But here, that's not what happened. Here, a very detailed affidavit was submitted. The street corner, the address, I was held. You know, I was told to come over here by the police officer while I was being held. You know, I was searched. I never took anything out of my waistband and placed anything on top of the tire. This was a central issue in the case. This is the number one issue at trial. So you would agree that differences of recollection between a defendant and an officer present at his or her arrest do not necessitate a finding of obstruction, correct? I think that's right, Your Honor. I think it's the Agudelo case where if there are differences, but they're vague and there's ability for some amount of reconciliation. In the Agudelo case, the defendant had stated that he had requested an attorney and was told that he was going to get one. And then on cross-examination of the trial, the aides testified that, in fact, they had told him that he would get an attorney at a later date. And there, the Second Circuit found that wasn't enough to show obstruction. That's not the case here. This is very detailed, very specific facts. I think the district court noted that Mr. Golan's affirmation, quote, a very specific recollection of the events of that night and later states, it's very hard to misremember whether or not you had a gun and then were trying to get rid of it when you saw the police. And so... To what extent are we entitled to review the district court's determination that this was a perjurious affidavit and that she didn't credit it and she credited the officers? Whether or not the district court clearly erred in the finding of evidence that the affidavit here was false. And I think that based on the record here, Judge Moscoff, a record that's very fulsome before you, there's no clear error here. Judge Moscoff said also that she wasn't going to assign any weight, I think, to the affidavit because he hadn't been subject to cross-examination. Is that right? That's correct, Your Honor. That's correct. The point being is that the judge was able to determine, based on the officer's testimony, that a preponderance finding was amenable here where she credited the testimony of the officers in the hearing. But the affirmation necessitated the hearing because it put material issues of fact in dispute. And would Mr. Golan have been entitled to an adjudication of his motion to suppress absent submission of an affirmation? That would be up for the district court to decide, Your Honor. I don't think those were the facts before us here. I understood the government's position to be that he wasn't entitled to a hearing, but he might be entitled to adjudication of the motion to suppress. Yes, Your Honor. I think the record below was that a hearing was not needed if there was no affirmation. But as to whether the motion would be adjudicated, I think that would be up for the district court to decide. And if there is a motion to dispute in some way in order to secure an adjudication. Correct, Your Honor. Thank you. Sir, could you respond a bit to Ms. Sternheim's concern which I share, that depending on how stringent district courts are in reviewing these affidavits, you might be chilling a defendant's right to testify or a defendant's right to at least put facts into controversy in order to get a hearing. You know, I think that the issue of putting the government at its burden is an important one. And for example, here Mr. Golan did actually go to trial and did put the government to its burden and a jury convicted him. If he had testified at that trial and had testified in a way that was amounted to perjury, he would also have been responsible for an oppression justice enhancement. Similarly here at the suppression hearing, he submitted an affirmation that the court found the ponderance false. And given the fact that, you know, the law is clear that one cannot provide a false affirmation in case of a motion to suppress. That's the Lysikom case by this court. The law is clear that based on his affirmation, the oppression enhancement was not clearly erroneous. As it happens though, he could have gone to trial and lied, couldn't he? Because he was getting an obstruction hit anyway. I suppose there could have been a further adjustment or an upward enhancement because of perjury twice at the trial and at the suppression hearing stage. But my concern is having submitted that affidavit, he was behind the eight ball however he proceeded after that hearing. Well I think the obstruction enhancement was only adjudicated at sentencing, that was after trial. So it would be unclear as to what the district court, how it would have weighed the testimony at trial as well. And whether or not that would have made a difference as to her sentence. That wasn't the record before the court of course. Could you take a minute to address the he's now almost 50 I guess and poses a minimal risk of recidivism given his age and his efforts since he was last incarcerated to lead a productive life? Yeah sure. I think that's something that the district court actually did consider in sentencing Mr. Galan. The government had requested a sentence of 120 months here, which is the maximum, statutory maximum. Mr. Galan has a very lengthy history of criminal convictions. In fact, over the course of 30 years, he has 15 convictions. And that includes the fact that he was in jail for 12 of those years. That includes at now five felony convictions, including shooting someone on a public street, robbing a grocery store, threatening a young woman at the grocery store with violence. In fact, while Mr. Galan was in prison for the 12 years, he had 15 disciplinary infractions, including assault with a serious injury, possession of a dangerous weapon. There are a number of factors here that the court considered and in fact mitigated against by noting that Mr. Galan was someone who had gotten a job and sort of had presumed a family life in the few years that he was out after his last conviction. Of course, he also was found with the gun and ammunition and drugs. And so clearly he had not changed his life around completely, even at the age of 49. And so I think the court did actually consider all of those factors in sending Mr. Galan to 84 months. Thank you. Thank you. If there are no further questions. Very good. Ms. Sternheim, you reserve two minutes for rebuttal. So much to say, so little time. I would just like to point out on the issue of the sentence, and I thank you for raising that. Had the gun not been stolen, which is almost a strict liability enhancement, he would have been facing 37 to 46 months without the obstruction. He was sentenced to 84 months and the judge specifically said the guidelines do not take into account a defendant's risk of recidivism or need for incapacitation. The sentencing guidelines absolutely do take those things into consideration. And the sentence here was unduly harsh given the nature of the crime itself. His past is his past and he was punished for that. But he shouldn't have been overly sentenced in this case just because of that. That's why we have criminal history categories which elevate a sentence for an individual who has prior convictions. I didn't understand the judge to say that the guidelines don't take those things into account. I understood her to say, I don't have the exact words in front of you and perhaps you can correct me, but I understood her to be saying that in this case, in this case, the criminal history category of two, I think it was, does not adequately take, does not adequately reflect the that this is something the guidelines don't address. Well, Your Honor, I don't have the appendix here, so I don't want to paraphrase. I just have the quote that I have in my notes, but perhaps that should be an issue for remand. Thank you. Thank you very much. I think we have the arguments. We'll take the matter under advisement. And before we proceed, I want to remedy an oversight. I'd like to welcome our colleague, Judge Catherine Fales.